**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4613**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

QUINCY DELONE HAYNES, a/k/a Black Montana,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:17-cr-00134-FDW-DSC-27)

Submitted: April 18, 2019                    Decided: April 22, 2019

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Theadore James Besen, TED J. BESEN ATTORNEY AT LAW, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quincy Delone Haynes pled guilty pursuant to a plea agreement to one count of conspiracy to participate in racketeering activity, in violation of 18 U.S.C. §§ 1962(d), 1963(a) (2012), and three counts of distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and was sentenced to 64 months in prison. Haynes' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but suggesting that defense counsel rendered constitutionally deficient performance. Haynes has not filed a pro se supplemental brief, despite receiving notice of his right to do so, and the Government has declined to file a response brief. We affirm.

Counsel suggests that Haynes received constitutionally ineffective assistance of counsel because defense counsel allowed Haynes to concede to reasonably foreseeable drug amounts that resulted in a heightened Sentencing Guidelines range. Unless the record conclusively establishes that counsel rendered ineffective assistance, however, such claims are not cognizable on direct appeal. *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). Because the record does not conclusively establish that counsel rendered ineffective assistance, we decline to address this claim on direct appeal. Thus, Haynes' argument is more appropriately raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Baldovinos*, 434 F.3d 233, 239 & n.4 (4th Cir. 2006). We express no opinion as to the merits of Haynes' ineffective assistance of counsel claim.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This

court requires that counsel inform Haynes, in writing, of the right to petition the Supreme Court of the United States for further review. If Haynes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Haynes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*